### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PATRICK LEE OLSON | : | CHAPTER 7 |
| Debtor. | : | No. 22-11556-mdc |

### AMENDED JOINT PRE-TRIAL STATEMENT

Creditor Michael Wiley ("Wiley"), successor by assignment to McGrath Technical Staffing, Inc. d/b/a McGrath Systems ("McGrath") and Debtor Patrick Lee Olson ("Olson") jointly file this Pre-Trial Statement, as follows:

**A.** **Basis of Jurisdiction** – This Court has jurisdiction under 28 U.S.C. § 1334(b) and this is a core proceeding under 11 U.S.C. § 522 pertaining to avoidance of liens.

**B.** **Statement of Uncontested Facts:**

1. On June 15, 2022, the Debtor filed a voluntary petition with this Court under Chapter 7 of the Bankruptcy Code.

2. This matter relates to a judgment entered on November 19, 2018 in the Montgomery County Court of Common Pleas at Docket No. 2018-22559 in favor of McGrath and against Mr. Olson in the amount of $3,678,122.58 (the "Judgment").

3. The Judgment was subsequently transferred to the Chester County Court of Common Pleas at Docket No. 2019-06782-JD and assigned to Plaintiff Wiley.

4. In September 2019, the Debtor was charged with forgery and was eventually found guilty and sentenced to 14 days in jail, as well as restitution in the amount $1,041,000.00, which restitution is supposed to be paid to Mr. Wiley through the Commonwealth (the "Restitution Judgment").

5. Wiley has filed an Adversary Action seeking to bar the Debtor's discharge of the Judgement and the Restitution Judgment, which Adversary Action has been fully argued and briefed, but for which no verdict has been entered by the Court as of the date of this filing.

6. On June 6, 2023, the Debtor filed the instant Motion of Debtor to Avoid Judicial Lien of Michael Wiley on Real Property Pursuant to 11 U.S.C. § 522(f)(1) (the "Motion to Avoid Lien").

7. Creditor Wiley filed a Response in Opposition to the Motion to Avoid Lien on June 9, 2023.

8. Creditor Wiley has obtained an appraisal of the Property conducted by Henry M. Hoffman, indicating that the value of the Property is $725,000.00 as of the date the Debtor's Bankruptcy was filed, being June 15, 2022.

9. Debtor claims that the value of the Property as of the date of the Debtor's Bankruptcy filing was $695,000.00.

**C.    Statement of Disputed Facts**:

1. Creditor Wiley claims that the $3,678,122.58 Judgment is the result of the fraud perpetrator by the Debtor against McGrath and its principal Mr. Wiley.

2. Creditor Wiley believes that at the proper $725,00.00 valuation, there should be at least $105,669.65 in equity in the Property, after deducting the senior mortgage liens (which liens are disputed by Creditor Wiley) and the Debtor's homestead exemption of $27,900.00.

3. Debtor Olson believes and therefore avers there is no equity in the Property available to Creditor Wiley due to the recent discovery of a $117,800.00 mortgage assigned by Mortgage Electronic Registration Systems, Inc. ("MERS" to Good News Trust on October 30, 2013, Document #11318532 recorded in Chester County, PA on November 20, 2013, in Book 849, Page 536, although a satisfaction was recorded by MERS, which no longer held the mortgage, in Chester County, PA on July 18, 2014, Document #11356290 in Book 8956, Page 619. The mortgage was never released by Good News Trust, the assignee.

4. Creditor Wiley avers that the Debtor should not be permitted to reduce Wiley's lien since Mr. Wiley's lien is the result of the Debtor's fraudulent and criminal actions.

5. Mr. Wiley contends that the Debtor's attempt to avoid the lien is an

effort to evade the legal consequences of his fraudulent and criminal behavior.

6. Mr. Wiley avers that it is not equitable or just to allow the Debtor to enjoy an unencumbered interest in his property while evading his proper obligations to Mr. Wiley, which was due to Debtor's fraud (and is not dischargeable).

7. Mr. Wiley claims that the mortgage modification entered into by PHH Mortgage has resulted in a loss of priority, as the modification alters certain aspects of the original mortgage.

8. Mr. Wiley claims that as the PHH Mortgage has lost its priority as a result of the modification, there is even more equity in the property that could be used to pay Mr. Wiley's Judgment.

**D.    Damages or Other Relief**

Debtor is seeking the reduction and avoidance of the Judgment to $0.00.  Mr. Wiley is seeking the denial of the Debtor's Motion, and that the entire Judgment be deemed non-dischargeable and non-avoidable.

Alternatively, if this Court believes that a reduction of the judgment lien (as against the real property, only) is authorized, Mr. Wiley believes that any reduction of the judgment lien should only be to $105,669.65, as reflected by the third party appraisal less the prior mortgage liens and the homestead exemption.  This

proposed reduction of judgment lien has no basis on the status of the underlying Judgment as reviewed in the adversary action for which this court is holding under review currently.

**E. Legal Issues**

1. **The Debtor claims that his homestead exemption under 11 U.S.C. § 522(d)(1) is impeded by the Judgment.**

    - Debtor claims the Property is valued at $695,000;
    - Debtor claims that the Judgment ($3,678,122.58) is subordinate to two senior mortgage liens totaling $591,430.35, leaving $103,569.65 in equity, and a potential mortgage in the amount of $117,800.00 held by Good News Trust, which if still effective, leaves $0.00 in available equity;
    - Debtor claims he is entitled to a $27,900.00 homestead exemption;
    - Debtor claims that the Judgment lien should be reduced to $0.00 and the rest of the Judgment be avoided.

2. **Creditor Wiley claims that the judgment lien cannot be avoided under 11 U.S.C. § 522(f)(1) because of the exceptional circumstances surrounding this case.**

    - The Debtor committed an intentional fraudulent act, a transgression of

such severity that it has led to Debtor's criminal prosecution and Debtor's subsequent incarceration.

- The judicial lien is not a standard financial obligation; it is a direct consequence of a court's judgment that found the Debtor guilty of engaging in direct fraud. Such actions are not dischargeable.

- Further, the lien serves not only as a monetary judgment but also as a form of punishment and deterrence against the Debtor's unlawful conduct.

- Avoiding (even partially) such a lien would contravene the public policy of deterring fraud, and enforcing the obligations due when a Debtor engages in criminal conduct.

- Moreover, it should be noted that part of the Judgment relates to the Restitution Judgment ordered by the Montgomery County Court of Common Pleas against Debtor Olson.

- Section 523(a)(7) excepts from discharge the bankrupt's debts to the extent "such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss… ." *In re Thompson*, 418 F.3d 362, 363 n.1 (3d Cir. 2005).

- Furthermore, if this Court were to grant the Debtor's request to avoid (even in part) Respondent's lien, this Court would effectively be

    reducing a state criminal proceedings restitution order.

- Such an action would violate the rights of the states to unfettered administration of their criminal justice system. *In re Thompson,* 418 F.3d 362, 368 (3d Cir. 2005) *citing Kelly*, 479 U.S. at 43-44 ("Here, as in *Kelly*, 'we must consider the language of … § 523 in light of the history of bankruptcy court deference to criminal judgments and in light of the interests of the States in unfettered administration of their criminal justice systems.'").

- Accordingly, the Debtor's Motion to Avoid Lien should be denied and the Respondent's judicial lien should remain in full force and effect.

3. **Creditor Wiley claims that the lien is not impairing an exemption under bankruptcy law.**

- Under 11 U.S.C. § 522(f)(1), a debtor can only avoid a lien to the extent that it impairs an exemption.

- The Debtor argues that the homestead exemption is impaired by the Judgment lien; however, Mr. Wiley disputes the Debtor's calculation regarding the impairment of the homestead exemption.

- Specifically, if the Debtor's real property were properly valued pursuant to Mr. Hoffman's appraisal of $725,000.00 as of the date of the Debtor's bankruptcy filing, there would be at least $105,669.65 in

- equity in the real property after deducting the first two mortgage balances and the Debtor's homestead exemption (and even more if this Court were to determine that the modification of the first mortgage caused it to lose its lien priority).

- The Debtor should not be permitted to avoid Respondent's lien (or any part thereof) when there is so much equity in the property, and when the Respondent's lien is the result of the Debtor's fraudulent and criminal actions.

- Moreover, the mortgage modification entered into by PHH Mortgage has resulted in a loss of priority, as the modification alters certain aspects of the original mortgage. *See, e.g., Ter-Hoven v. Kerns*, 2 Pa. 96 (1845) (if the modification includes "creat[ion of] a liability for the first time", the mortgage may lose priority over junior creditors).

- As the PHH Mortgage has lost its priority as a result of the modification, there is even more equity in the property that could be used to pay Mr. Wiley's Judgment.

- Furthermore, even if the homestead exemption were indeed impaired, the egregious nature of the fraudulent act perpetrated by the Debtor, and the resultant significant harm to Mr. Wiley, mean that the avoidance of the lien would not serve the underlying equitable purposes of the Bankruptcy Code.

- Allowing the Debtor to avoid the lien (even in part) would effectively reward fraudulent behavior and undermine the purpose of the homestead exemption, which is not intended to protect property obtained through fraudulent activities.

4. **The Debtor Claims a newly discovered mortgage results in there be no equity in the property.**

The Debtor claims that Debtor avers that the $695,000.00 valuation of the Property stated in Schedules A/B and C of Debtor's Chapter 7 bankruptcy documents was not challenged by Creditor Wiley or the Chapter 7 Trustee during the course of the bankruptcy and cannot be raised now. In any event, a third mortgage has been found in the records of the Chester County Recorder of Deeds, in the amount of $117,800.00, which will exhaust the remaining equity in the Property no matter which valuation amount is used.

**F.     Witnesses**

1.     Henry M. Hoffman, H.M. Hoffman & Company – Will testify as to appraisal of the Property he conducted and his valuation of the Property in the amount of $725,000 as of June 15, 2022.

2.     Defendant Patrick Olson - Will testify as to the facts of the matter.

**G.    List of Exhibits**

1.   The Judgement entered in Chester County at Docket No. 2019-06782-JD.

2.   The Restitution Judgment

3.   Assignment of the Judgment

4.   The Debtor's Bankruptcy Schedules.

5.   The Appraisal of Henry M. Hoffman of the real property located at 101 Blossom Way, Pottstown, PA 19465 as of June 15, 2022.

6.   Copy of the MERS as nominee for American Brokers Conduit mortgage dated June 15, 2007, recorded August 3, 2007 (the "Mortgage").

7.   Copy of the Mortgage Modification dated September 30, 2022.

8.   Copy of Open-Ended Mortgage from Olson to MERS, as nominee for American Brokers Conduit securing the amount of $117,800.00, recorded August 3, 2007, subject to mortgage securing debt of $471,200.00 American Brokers Conduit dated June 15, 2005.

9.   Assignment of $117,800.00 from MERS to Good News Trust on October 30, 2013, recorded on November 20, 2013.

10.  Copy of Satisfaction of $117,800.00 mortgage by MERS, not assignee Good News Trust, on July 14, 2014, recorded on July 18, 2014.

**H.    A list of Each Discovery Item and Trial Deposition**

1. The Appraisal of Henry M. Hoffman of the real property located at 101 Blossom Way, Pottstown, PA 19465 as of June 15, 2022.

**I.    Estimated Trial Time and Scheduling Issues**

1.   The parties anticipate the trial should take one half (1/2) day.

**J.      Certification**

The parties certify that they have attempted in good faith to resolve this matter without success.

                            Respectfully submitted,

                            BERGER LAW GROUP, PC

Dated:    11/6/23          By:   /s/ Phillip D. Berger
                            Phillip D. Berger, Esquire
                            919 Conestoga Road, Building 3, Suite 114
                            Rosemont, PA 19010
                            (610) 668-0800
                            Berger@BergerLawPC.com
                            Attorneys for the Michael Wiley

                            THE LAW OFFICE OF SHARON S. MASTERS

Dated:    11/1/23          By:   /s/ Sharon S. Masters.
                            Sharon S. Masters, Esquire
                            132 Overleaf Drive
                            Thorndale, PA 19372
                            (610) 322-5277
                            shmasters@hotmail.com
                            Attorneys for the Debtor Patrick Olson